USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1695 LAROY D. COX, Plaintiff, Appellant, v. PETER J. O'MALLEY, MILLER THOMAS, TRENT W. HOLLAND, WILLIAM DUNN, FRANCIS M. ROACHE AND CITY OF BOSTON, Defendants, Appellees.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert B. Collings, U.S. Magistrate Judge] _____________________  ____________________ Before Cyr, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________  ____________________ Valeriano Diviacchi, with whom Diviacchi Law Office was on brief ___________________ ____________________ for appellant. Kimberly M. Saillant, with whom Merita A. Hopkins was on brief ____________________ _________________ for appellees City of Boston and Roache. Ronald Kovner, with whom Merita A. Hopkins and Christopher J. _____________ _________________ ______________ Muse were on brief for appellees O'Malley, Thomas and Holland. ____ Thomas Drechsler for appellee Dunn. ________________  ____________________ January 22, 1997  ____________________ Per Curiam. Plaintiff Laroy Cox challenges a district Per Curiam.  __________ court ruling denying relief from a judgment dismissing his claim for damages against the City of Boston and various members of its police department. See 42 U.S.C. 1983; Mass. Gen. L. ch. 12, ___ 11I. The claim arose out of Cox's interrogation during the Boston Police investigation of the Carol Stewart homicide. The principal thrust of the Cox appeal is that counsel for defendants failed to produce some 900 pages of material from the Boston Police Department Internal Affairs Division ("IAD") which were properly requested during pretrial discovery. As the district court did not abuse its discretion, see Anderson v. Cryovac, ___ ________ ________ Inc., 62 F.2d 910, 923 (1st Cir. 1988), we affirm.  ____ The record discloses that Cox's counsel knew, well before trial, that the IAD files existed; in fact, counsel so conceded in the motion for reconsideration filed below. More- over, in a pretrial letter mailed June 1, 1995, the City of Boston offered to provide the IAD files to Cox's counsel, but the offer was declined. Thus, Cox has not explained how the prof- fered IAD files can have been evidence "newly discovered" after the entry of judgment, let alone evidence not discoverable in the exercise of due diligence. See Fed. R. Civ. P. 60(b)(2).  ___ Cox nonetheless contends that his Rule 60(b)(2) motion should have been granted because defendants had an ongoing duty to supplement their discovery responses. See Fed. R. Civ. P. ___ 2 26(e).1 This contention reduces to a claim that a responding party's alleged failure to supplement its document production excuses the proponent of a Rule 60(b)(2) motion from demonstrat-  ____________________ 1Rule 26(e) provides as follows:  "(e) Supplementation of Disclosures and Re- Supplementation of Disclosures and Re- sponses. A party who has made a disclosure sponses under subdivision (a) or responded to a re- quest for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances: (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the informa- tion disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With re- spect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to in- formation provided through a depo- sition of the expert, and any addi- tions or other changes to this in- formation shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due. (2) A party is under a duty seasonably to amend a prior re- sponse to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." 3 ing that he did not know the files existed and could not have discovered them through due diligence in time to move for a new trial under Rule 59(b). This contention not only lacks case support, but runs directly counter to the plain language of Rule 60(b)(2), requiring a showing by the movant that the evidence in question was "newly discovered [and] by due diligence [on movant's part] could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b)(2). As Cox's counsel knew of the existence of the IAD files, and in the exercise of due diligence could have discovered their con- tents as well, we reject the Rule 60(b)(2) claim as frivolous.  Cox fares no better with his Rule 60(b)(3) claim. As he did not move to compel production of the IAD files after defendants objected to their production,2 defendants were never _____ obligated to produce them. See Fed. R. Civ. P. 45(c)(2)(B). The ___ trial transcript plainly indicates that defendants made no misrepresentations or misleading statements regarding the IAD files. Rather, defendants represented to Cox's counsel at trial that he had been provided with the entire homicide file.3 Given ________  ____________________ 2On January 13, 1994, defendants City of Boston and Francis Roache objected to Cox's pretrial request to produce the IAD files, based on a Sept. 20, 1993 stay order issued by the Massa- chusetts Appeals Court in Globe Newspaper Co. v. Police Cmm'r of ___________________ _______________ the City of Boston.  __________________ 3At trial, Cox's counsel moved to compel production of an eleven-page statement by Detective O'Malley. The next day the City of Boston produced the document and stated that it "came out of the Internal Affairs file of the Boston Police department." Cox's counsel neither asked about the rest of the IAD file, nor inquired whether it contained other documents.  4 that counsel for the City of Boston had made a pretrial offer on June 1, 1995, to produce all IAD files,4 this written notifica- tion substantially met its obligations under Rule 26(e), see Fed. ___ R. Civ. P. 26(e)(2) ("A party is under a duty seasonably to amend a prior response to [a] . . . request for production . . . if the additional or corrective information has not otherwise been made ______________________ ___________________ known to the other parties during the discovery process or in _____ __ writing.") (emphasis added). Having spurned the City of Boston's _______ offer to produce the IAD files, Cox cannot plausibly maintain that the district court abused its discretion in rejecting his belated request for relief from judgment. See United States ___ ______________ Fidelity & Guar. Co. v. Baker Material Handling Corp., 62 F.3d _____________________ ______________________________ 24, 29 (1st Cir. 1995) ("A party may not prevail on a Rule 60(b)(3) motion . . . where [it] has access to disputed informa- tion or has knowledge of inaccuracies in an opponent's represen- tations at the time of the alleged misconduct."). The district court judgment is affirmed and costs are _______________________________________________________ awarded to appellees City of Boston and Francis M. Roache. _________________________________________________________ SO ORDERED. SO ORDERED __________  ____________________ 4After the Supreme Judicial Court vacated the stay, see ___ supra note 2, on April 5, 1995, the City of Boston notified Cox's _____ attorney in writing that pursuant to the SJC decision in Globe _____ Newspaper Co., it was willing to produce the IAD documents. _____________ 5